**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **LISA VINING,** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| v. | ) | **CIVIL NO. 09-269-P-H** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| *Commissioner Of Social Security,* | ) | |
| | ) | |
| **DEFENDANT** | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

After oral argument on June 29, 2010, I adopt the Recommended Decision of the Magistrate Judge for the reasons he has stated, with these additional comments on one issue.

At step five of the sequential evaluation process, 20 C.F.R. § 414.1520(a)(4)(v), the burden shifts to the Commissioner to show that there is a significant number of jobs in the national economy that the claimant can perform. Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001) (citation omitted). The Commissioner can show this by proof either that significant numbers exist in the region where the claimant lives or that they exist in "several other regions of the country." 20 C.F.R. § 404.1566(2); see also 42 U.S.C. § 423(d)(2)(A).

In this case, a vocational expert testified that there were three jobs that the claimant could perform and that they existed in the following numbers:

        Photocopy operator       130 Maine; 34,000 nationally

        Assembler-optical        30 Maine; 10,000-11,000 nationally

        Screener-touch-up       50-70 Maine; 14,000-15,000 nationally.

Social Sec. Admin. Decision, Feb. 3, 2009, included in Admin. Record at 25, filed in Vining v. Social Sec. Admin. Comm'r, No. 09-cv-269 (D. Me. June 22, 2009). At the claimant's urging, the Magistrate Judge found that the record did not support the claimant's ability to perform the first and third. Report & Recommended Decision at 13 (Docket Item 21). The Magistrate Judge went on to find that the record did support the conclusion that the remaining position, Assembler-optical, existed in sufficient numbers in the national economy[1] to satisfy the Commissioner's burden. Id. at 18.

On appeal, the claimant objects that the Magistrate Judge's finding violates the teaching of SEC v. Chenery Corp., 332 U.S. 194 (1947), because the Magistrate Judge made a finding that the Commissioner himself never made—that 10,000 to 11,000 jobs are a significant number in the national economy; and that the administrative record does not support the conclusion that the jobs in question exist in several regions. Pl.'s Objections to Report & Recommended Decision 2-4 (Docket Item 22).

The first issue is an interesting one. If the Commissioner has decided only that the three categories of jobs *collectively* meet the burden of demonstrating sufficient work in the national economy, then probably a reviewing court should not proceed to decide that one category alone is

---

[1] The Commissioner's lawyer agreed at oral argument that there were not enough jobs in Maine to meet the standard.

sufficient, but should remand to the Commissioner to make that decision first. See SEC v. Chenery Corp., 318 U.S. 80, 88 (1943) ("[A] judicial judgment cannot be made to do service for an administrative judgment."); Allen v. Barnhart, 357 F.3d 1140, 1144-45 (10th Cir. 2004) ("[W]e are empowered only to review the ALJ's decision for substantial evidence and . . . are not in a position to draw factual conclusions on behalf of the ALJ." (quotation omitted)).

Here, however, the claimant failed to make that argument to the Magistrate Judge, and the law is clear in this Circuit that failure to raise an argument before the Magistrate Judge waives it before the District Court. See Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir. 1988) ("[Rule 72] does not permit a litigant to present new initiatives to the district judge."); see also Fed. R. Civ. P. 72(b)(3); De Araujo v. Gonzales, 457 F.3d 146, 153 (1st Cir. 2006) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (citation omitted)).[2]

With respect to whether the record as a whole supports the conclusion that the Assembler-optical job exists in several regions, I observe that the Administrative Law Judge called a vocational expert who testified to numbers both in Maine and nationally. The claimant was represented by a lawyer who asked the vocational expert questions. The claimant's lawyer could have inquired whether the national numbers were restricted to one or two regions,

---

[2] In this case, moreover, the Administrative Law Judge's decision does not specify whether she was relying on the three positions individually or only collectively in her finding of significant numbers. Admin. Record 26. If she had relied on the assembler-optical job, then as the First Circuit said in Brun v. Barnhart, 126 Fed. Appx. 495 (1st Cir. 2005), there may be no Chenery problem.

but he did not. I understand that the burden of proof is on the Commissioner at step five, but given the number of jobs the vocational expert revealed nationally (10,000-11,000), it was reasonable for the Administrative Law Judge to infer that such jobs exist in several regions.³  See Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) ("It is the responsibility of the Secretary . . . to draw inferences from the record evidence. . . . " (citation omitted)).

The Recommended Decision is **AFFIRMED**.

**SO ORDERED.**

**DATED THIS 1ST DAY OF JULY, 2010**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

³ Unlike the Magistrate Judge, I do not rely on the description of job duties in the Dictionary of Occupational Titles (4th ed. 1977) to reach that conclusion about geographic spread. It was last updated in 1991, and its job descriptions may now be badly out of date. I understand that the Commissioner still uses it (and also is actively considering whether to go to a new system because of its obsolescence), but I am reluctant to use it independently.